# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**v.**                          **CASE NO. 6:24-CR-60006-SOH**

**WILLIAM KENNETH FARBER,**                                                     **DEFENDANT**

### LUTHER SUTTER'S BRIEF ON DISQUALIFICATION

Comes, Luther Sutter, and for this Brief, he states:

I.      Law

A lawyer has standing in his individual capacity to oppose disqualification. *See Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1207-08 (10th Cir. 2000) (holding that an attorney has standing to independently appeal a disqualification order imposed as a sanction for misconduct where "a favorable court decision would likely provide at least some redress from the injury from the sanction because it could help ameliorate the damage to [the attorney's] professional reputation"); *Johnson v. Bd. of County Comm'rs,* 85 F.3d 489, 492-93 (10th Cir. 1996) (addressing mootness issue and holding "that settlement of an underlying case does not preclude appellate review of an order disqualifying an

attorney from further representation insofar as that order rests on grounds that could harm [the attorney's] professional reputation"); *see also Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 2003 U.S. App. LEXIS 22697, 348 F.3d 1163, 1166-69 (10th Cir. 2003) (holding that an attorney may independently appeal an order finding that the attorney engaged in misconduct even if the order did not impose any sanction, monetary or otherwise, and noting that an attorney's professional reputation is his most important and valuable asset).

Procedural due process requires giving Mr. Sutter prior notice and an opportunity to respond to the misconduct charges. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1211 (11th Cir. 1985) (holding that attorney "sanctions must be imposed in accordance with the due process of law," and that, unless exigent circumstances exist, an attorney may not be disqualified from a case on the basis of misconduct without "an opportunity to be heard"); *cf. G.J.B. & Assoc., Inc. v. Singleton,* 913 F.2d 824, 830 (10th Cir. 1990) (noting that "the due process clause of the fifth amendment . . . requires that an attorney facing sanctions in federal court be given notice and an opportunity to be heard," and holding that district court abused its discretion by imposing sanctions against an attorney under Fed. R. Civ. P. 11 when the attorney "was given neither notice that the court was considering Rule 11 sanctions, nor an opportunity to respond either before or after their imposition"); *Mattox v. Disciplinary Panel of the United States Dist. Court for the*

*Dist. of Colo.*, 758 F.2d 1362, 1368-69 (10th Cir. 1985) (holding that federal district court violated an attorney's right to procedural due process when it denied her application for readmission to the bar of the court without giving her prior notice of the reasons for the denial and an opportunity to respond).

"The Due Process Clause of the Fifth Amendment prohibits the United States . . . from depriving any person of property without 'due process of law.'" *Dusenbery v. United States,* 534 U.S. 161, 167, 122 S. Ct. 694, 151 L. Ed. 2d 597(2002). For plaintiffs to establish unconstitutional deprivations of property under the Fifth Amendment, they must show that they (1) have protected property interests at stake and (2) were deprived of such property interests without due process of law. *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999). Due process is a flexible concept, and its procedural protections will vary depending on the particular deprivation involved." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 537 (8th Cir. 1999). "In general, due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner." Id. (quotation omitted); *see Caperton v. A.T. Massey Coal Co.,* 129 S. Ct. 2252, 2259, 173 L. Ed. 2d 1208 (2009) ("It is axiomatic that a fair trial in a fair tribunal is a basic requirement of due process.'" (internal quotation and alteration omitted)). Sutter reiterates the request for another hearing after briefing. Transc. 52-53, 61.

## II. Government's arguments

Defendant suggested that the government should be compelled to turn over its evidence supporting the disqualification issue on or before 1/3/25. That information had been kept from him. Transc. At 14, 60. The Court declined to order such production, stating that the undersigned had the information. That is incorrect. He does not. Without that information there can be no due process and an ineffective assistance of counsel issue may be created. As best as the undesigned can tell, the government identified the conflict in representation by simply pointing to several interconnected factors then arguing inferences from those points:

1. **Concurrent Representation of Adverse Interests:**

    - The government argues Sutter & Gillham, PLLC, represented both Kenneth Farber, the defendant, and J.C. Clift Truck Lines, which the government identified as a victim in the criminal case. Farber's alleged fraudulent activities, including misuse of loans and corporate resources, caused direct financial harm to J.C. Clift Truck Lines. This dual representation placed the law firm in a position where its duties to one client (Farber) conflicted with its duties to the other client (J.C. Clift Truck Lines). There is no evidence that Farber has intentionally misused loans and corporate resources, thereby causing direct financial

harm to J.C. Clift Truck Lines. On the contrary, Farber will present testimony from business consultants, to accountants, to lawyers that Farber did not engage in such intentional conduct.

2. **Witness Representation and Corporate Counsel Role:**

    o The government argues Sutter & Gillham represented employees of J.C. Clift Truck Lines during grand jury proceedings to protect corporate interests and privileges. These employees were allegedly material witnesses in the government's investigation into Farber's alleged fraudulent activities. The government's argument emphasized that these witnesses were critical to proving the charges against Farber, which they claim further compounded the conflict of interest. It should be undisputed that no member of S&G met with any corporate employee outside the presence of management. Indeed, the government has no proffered any such testimony to the contrary. Further, most of these witnesses are no longer employed by the truck line.

3. **Legal Obligations and Testimony:**

    o The firm admitted to meeting these witnesses in their corporate capacity and confirmed meeting with them alongside Farber, but denied telling them they were personal lawyers for the witnesses.. The government

argued that this created an inherent conflict because the witnesses were testifying against actions allegedly committed by Farber, another client of Sutter & Gillham. The government claims this dual role risked compromising the firm's ability to independently and zealously represent both clients without bias. But again, the presence of Farber simply underlines the nonconfidential nature of the testimony. Indeed, most of the employees no longer work for truck line.

4. **Victim vs. Defendant:**

   - J.C. Clift Truck Lines was identified as a victim of Farber's fraudulent activities, including the misappropriation of funds obtained through loans in the company's name. Luther Sutter does not have any evidence to suggest this. The firm's simultaneous representation of Farber in the criminal case allegedly placed it in direct conflict with its obligation to protect J.C. Clift's interests, as the two parties' interests were directly adverse. There is no evidence the truck line is the victim of anything. Simply making such an assumption is inconsistent with this Court's duty to give due weight to Farber's choice of counsel. While the public certainly has an interest in conflict-free representation, such a conflict should actually be shown- not assumed.

Here, Due Process requires far more from the government.

## II. The evidence available to Luther Sutter

The following witnesses would demonstrate that Luther Sutter has no conflict of interest:

> Torque Business Solutions - Barry Flowers - barryflowers@gmail.com 512-839-9956 (In house consultant, helped with reconstructing financials, shareholder buyout paperwork, etc.)
> Gravis Law - Jennifer Filla - Jfilla@gravislaw.com 719-501-3018 (Law firm that helped with shareholder agreement for Kenny to buy shares)
> Notary - Catrina Ramsey - catrinaramseynotary@gmail.com 501-213-6313 (Notary for PPP proceeds)
> Randy Meier - randy@highstreetred.com or rmeier@waypointprivatecapital.com 479-879-4280 (Financial Consultant who helped apply for PPP Proceeds)
> United Bank - Angela Horton & Monica Smith - angela.horton@united-bk.com/monica.smith@united-bk.com 479-872-3957 (Bank where PPP was done & account kept here)
> MNB - Kyle Keeney - kkeeney@mnbbank.com 501-332-6955 (Main Clift account is here)
> Kindy & Elliott, CPA's - Keith Elliott - keith@kindyelliottcpa.com 501-337-7444 (Accountant used during the time of PPP loan until May 2023)
> 4 Corners - Phil Zavala - phil@4corners.com 720-414-2740 (Accountant used starting June 2023)
> Diane Spence - peggydspence@gmail.com 501-337-6922 (Office Manager who worked for J C Clift and during time of PPP until December 2023)
> Billy Jack Gibson - billyjackgibson@gmail.com 870-942-3464 (Lawyer that helped get info to Randy Meier and during PPP time)
> Cecilia Ashcraft 501-337-0272 is a lawyer whose firm assisted Defendant in his operation of the business and loan applications
> Norman Clift

Thus, the government's assertion that Sutter & Gillham, PLLC, is concurrently representing adverse interests—Kenneth Farber and J.C. Clift Truck Lines—is

unsubstantiated. While the firm previously acted as corporate counsel for J.C. Clift Truck Lines, there is no evidence to suggest that the firm's representation of Mr. Farber creates an irreconcilable conflict that might arise during trial. The government has not provided specific examples where Sutter & Gillham's duty to J.C. Clift Truck Lines has materially conflicted with its duty to Mr. Farber. If any potential issue arises at trial that implicates J.C. Clift Truck Lines, independent counsel can be retained to handle discrete matters involving the company, thereby resolving any perceived conflict without jeopardizing the proceedings.

The government's claim that the representation of J.C. Clift Truck Lines employees as witnesses presents a conflict is speculative and premature. These employees were represented in their capacity as employees, consistent with protecting corporate interests. The government has not identified specific testimony or factual circumstances showing that Sutter & Gillham's prior representation of these employees would prejudice their ability to represent Mr. Farber effectively. The firm's representation of employees in their capacity as corporate agents during grand jury proceedings focused solely on maintaining corporate privilege and ensuring compliance with legal obligations. There is no indication that this representation has any bearing on Mr. Farber's defense. If any witness testimony at trial potentially creates a conflict, independent counsel can step in to handle cross-

examinations or other interactions with those witnesses, ensuring that no conflict arises.

The government's argument that Sutter & Gillham's duty to the witnesses conflicts with its duty to Mr. Farber fails to demonstrate how this alleged conflict would arise at trial. The government's concern is speculative and not grounded in any demonstrated prejudice or adverse impact on the trial. The prior representation of witnesses did not involve any matters adverse to Mr. Farber. The representation was limited to their roles as employees of J.C. Clift Truck Lines.) If any issues arise during the trial related to the prior representation, independent counsel can handle those specific matters, avoiding any risk of conflict.

The government's characterization of J.C. Clift Truck Lines as a victim of Mr. Farber's alleged actions does not inherently create a conflict of interest requiring disqualification of Sutter & Gillham. The government has not shown that J.C. Clift Truck Lines has taken a position adverse to Mr. Farber in this matter. Without such direct adversity, there is no basis for disqualification. If any issue arises at trial that places the interests of J.C. Clift Truck Lines at odds with Mr. Farber, independent counsel can be appointed to handle those matters. To the extent any conflict might exist, it is waivable under applicable ethical rules, and independent counsel can assist in preserving the integrity of the proceedings.

**Conclusion**

The government has failed to meet its burden of affirmatively demonstrating an unresolvable conflict of interest that would justify the disqualification of Sutter & Gillham, PLLC. Any potential conflicts are speculative and can be adequately addressed through the use of independent counsel for specific matters at trial. The court should deny the government's motion to disqualify, as no actual conflict or prejudice has been shown.

        Respectfully submitted,

        Luther Sutter, Esq. ARBN 95031
        **SUTTER & GILLHAM, P.L.L.C.**
        1501 N. Pierce, Ste. 105
        Little Rock, AR  72207
        (501) 315-1910-phone
        Luther.sutterlaw@gmail.com
        Counsel for Defendant Farber

By:   /s/ Luther Sutter_____
       Luther Oneal Sutter, ARBN 95031
       Luther.sutterlaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I, Luther Sutter, hereby certify that on this 30th day of December, 2024, I caused the above pleading to be electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Bryan A. Achorn
Assistant United States Attorney

Travis Morrissey,
Attorney at Law

Morse Gist,
Attorney at Law

                              By:   /s/ Luther Sutter_____
                                       Luther Oneal Sutter, ARBN 95031
                                       Luther.sutterlaw@gmail.com